UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRAFFIC SAFETY DEVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:02-CV-636 |
| ) | (Varlan/Guyton) |
| SAFETY BARRIERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter came before the undersigned on July 7, 2005 for a hearing on the defendants' Motion for Protective Order and/or to Quash Notice of Deposition *Duces Tecum* [Doc. 69]. For the reasons stated herein, the defendants' motion [Doc. 69] is **GRANTED** to the extent that the Court finds that the notice of deposition is overly broad and unduly burdensome. Moreover, the Court finds that the plaintiff's notice of deposition is premature, as there are several matters that must be completed before any such deposition may take place. Accordingly, it is **ORDERED**:

>1. Upon reviewing the file, the Court finds that the defendant Safety Barriers, Inc. has not yet filed an answer to the Amended Complaint, which was filed in December, 2004. Safety Barriers, Inc. shall file its Answer to the Amended Complaint on or before **July 29, 2005**.

>2. The parties advised the Court that they did not have a confidentiality agreement in this case, and the Court finds that such an Order would be appropriate. Accordingly, the parties shall confer and attempt to prepare an Agreed Protective Order for Confidential Matters, which will prevent the dissemination and/or use of any party's financial and/or personal information outside of this litigation. The proposed Order shall include a provision for the filing of confidential matters under seal with the Court. The parties shall have

until **July 22, 2005** to submit said Order to the Court or to advise the Court that they are unable to reach an agreement on the terms thereof, in which case the Court will prepare its own Order.

3. At the hearing, the parties expressed uncertainty as to whether all of the parties' Rule 26 disclosures, including all of the bases for claims of compensatory damages, have been produced. Accordingly, within **five (5) working days** of entry of the Protective Order for Confidential Matters, the parties shall exchange <u>all</u> Rule 26 initial disclosures and file a Notice of Compliance with the Court confirming that they have done so.

4. Along with its Rule 26 disclosures, and to the extent not already produced, the defendant Safety Barriers, Inc. shall produce the following documents to the plaintiff:

> (a) all documents related to the 2002 Tennessee National Guard sale;
>
> (b) all documents related to any potential or otherwise uncompleted sale in or about June, 2002, to a customer in Florida;
>
> (c) personnel files of Jim Barillaro and Ron Tourte;
>
> (d) all documents related to any alleged defects or problems with barriers from Rotational Molding of Utah;
>
> (e) all documents which reflect and/or establish the current net worth of each of the defendants, along with a sworn certification of truthfulness signed by each defendant.

5. On or before **July 29, 2005**, the parties shall submit a revised Discovery Plan to the Court, outlining the parties' plan for completing discovery in this matter in a timely fashion, including a schedule for completing written discovery and a schedule for completing depositions.

Should any discovery issues remain after completion of the foregoing, the parties shall make a good faith effort to resolve such disputes without court intervention. If the parties are unable to resolve their differences, the parties shall so inform the undersigned.

**IT IS SO ORDERED**.

                **ENTER:**

                s/ H. Bruce Guyton
                United States Magistrate Judge